UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JASON BAGSHAW, *et al.*,<br><br>    *Defendants*. | Case No. 24-cv-00018-CJN |

**DEFENDANT JASON BAGSHAW'S MOTION FOR PARTIAL DISMISSAL**

Commander Jason Bagshaw, HSB/Special Operations, Metropolitan Police Department (Commander Bagshaw), sued in his individual and official capacities, moves for an order dismissing Counts I and II with prejudice, as to the Fourteenth Amendment aspect of those counts, because the Fourteenth Amendment does not apply to the District of Columbia (the District) or its employees.

Commander Bagshaw also moves for an order dismissing Counts I and II with prejudice, as to the official capacity claims against him because the District is the proper party in interest. Plaintiff failed to state a claim for municipal liability for a constitutional violation against the District. The gravamen of the operative complaint is not that a District custom, policy, practice, or deliberate indifference violated the Constitution. It is that Commander Bagshaw's purported use of "excessive and deadly force" during one, unique incident on January 6, 2021, when defending against the violent insurrection at the United States Capitol, allegedly *violated* the District policy under the MPD Use of Force Framework in an unconstitutional manner.

This motion should be granted for the reasons explained in the accompanying memorandum of points and authorities. A proposed order is attached.

    This motion to dismiss does not seek dismissal of Counts I or II, as to the Fourth Amendment aspects of those counts against Commander Bagshaw in his individual capacity.  A motion to stay the responsive deadline pending the outcome of this motion to dismiss is filed concurrently.

Date: April 22, 2024　　　　　　　　Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Civil Litigation Division, Section IV

*/s/ Christopher Pantel*
CHRISTOPHER PANTEL [483073]
SARAH ABUTALEB [1779979]
Assistant Attorneys General
Civil Litigation Division, Section IV
400 6th St., N.W.
Washington, D.C. 20001
202-724-6611; 202-746-7693
sarah.abutaleb@dc.gov; christopher.pantel@dc.gov

*Counsel for Defendant Jason Bagshaw*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE,<br><br>   *Plaintiff*,<br><br>v.<br><br>JASON BAGSHAW, *et al.*,<br><br>   *Defendants*. | Case No. 24-cv-00018-CJN |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JASON BAGSHAW'S MOTION FOR PARTIAL DISMISSAL

### INTRODUCTION

Commander Jason Bagshaw, HSB/Special Operations, Metropolitan Police Department (Commander Bagshaw), sued in his individual and official capacity, moves for dismissal with prejudice of portions of Plaintiff's "First Amended Complaint for Violation of Civil Rights Use of Excessive and deadly Force" [6] (FAC) under Fed. R. Civ. P. 12(b)(6).  Plaintiff brings two claims against Commander Bagshaw under 42 U.S.C. § 1983: Violation of Fourth and Fourteenth Amendment Rights (Count I), and Supervisor Responsibility for Violations of Fourth and Fourteenth Amendments (Count II).

Commander Bagshaw requests dismissal of Counts I and II with prejudice, as to the Fourteenth Amendment aspect of those counts, because the Fourteenth Amendment does not apply to the District of Columbia (the District) or its employees in their official or individual capacities.  And Commander Bagshaw seeks dismissal of Counts I and II with prejudice, as to the official capacity claims because the District is the proper party in interest in an official capacity claim.  Plaintiff must therefore state a claim for municipal liability against the District

1

for a constitutional violation, which she has not done here. The gravamen of the FAC is not that a District custom, policy, practice, or deliberate indifference caused a Fourth Amendment violation. It is that Commander Bagshaw's purported use of "excessive and deadly force" on January 6, 2021, during a single, unique incident and while defending against the violent insurrection at the United States Capitol, allegedly *violated* District policy under the "MPD Use of Force Framework" in an unconstitutional manner. That type of single-incident allegation does not state a claim for municipal liability.

## FACTS

On or about January 6, 2021, Plaintiff travelled from Minnesota to go to the Capitol Grounds. FAC ¶¶ 11, 14. The Capitol was breached around 1:30 pm, and Members had to be taken to safe quarters. *Id.* ¶ 20. Around 4:00 pm, Plaintiff was "pushed by the crowd into the nearby Lower West Terrace Tunnel entrance to the Capitol building." *Id.* ¶¶ 17, 20. Plaintiff claims that in the tunnel, "she was severely beaten . . . with a metal baton approximately 35 times and punched in the face five times by Defendants Jason Bagshaw and Neil McAllister…." *Id.* ¶ 1. Plaintiff was then taken to the back of the tunnel, handcuffed, and taken to a prisoner processing area. *Id.* ¶¶ 22, 24. After signing paperwork, she was allowed to leave without being formally arrested that day. *Id.* ¶ 25.

On April 8, 2021, Plaintiff was arrested. *Id.* ¶ 44. On September 8, 2021, Plaintiff was charged with Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. § 231(a)(3); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Buildings or Grounds, in violation of 18 U.S.C. § 1752(a)(2); and Disorderly Conduct in a Capitol Building or Grounds, in violation 40 U.S.C. § 5104(e)(2)(D). *Id.* ¶ 46. Plaintiff pled guilty to one felony count of Civil Disorder

and was sentenced to eight days to be served on four consecutive weekends in BOP custody, three months home detention, and two years on probation. *Id.* ¶¶47–48.

## LEGAL STANDARD

The standard for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). "[D]etailed factual allegations" are unnecessary to survive a motion to dismiss. *Id*. Although a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). Upon review, a court must "accept as true all of the factual allegations contained in the complaint." *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009). But it need not adopt "inferences that are unsupported by the facts set out in the complaint." *Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 84 (D.D.C. 2012).

## ARGUMENT

### I. Plaintiff Cannot Pursue Relief Under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment reads, in pertinent part: "No State shall… deprive any person of life, liberty, or property without due process of law…" U.S. CONST. amend. XIV. By its terms, the Fourteenth Amendment applies only to the States; it does not apply to the District or its employees. *Williams v. District of Columbia*, 174 F. Supp. 3d 410, 413 (D.D.C. 2016) (Fourteenth Amendment applies only to states and does not apply to District of Columbia); *see also Bolling v. Sharpe*, 347 U.S. 497, 498 (1954) (holding that the Fourteenth Amendment does not apply to the District); *Powers-Bunce v. District of Columbia*, 479 F. Supp.

2d 146, 153 (D.D.C. 2007) (holding that the Fourteenth Amendment is inapplicable to District employees).

This is true as to Commander Bagshaw in both his individual ***and*** official capacities. In *Smith v. District of Columbia*, 149 F. Supp. 3d 128, 129, 133 (D.D.C. 2015), the plaintiff sued Warden Smith, a District employee, in both his individual and official capacity on § 1983 claims based on the Fifth and Fourteenth Amendments. The court dismissed Warden Smith from the case as to the Fourteenth Amendment claims, finding that ". . . to the extent that plaintiff did not concede this issue, dismissal of the Fourteenth Amendment aspect of his section 1983 claim is warranted, because 'the Fourteenth Amendment does not apply to the District of Columbia or its officials/employees.'" *Id*. at 133 (citing *Robinson v. District of Columbia*, 736 F.Supp.2d 254, 260 (D.D.C. 2010) (citing *Bolling*, 347 U.S. at 499)).

Likewise, in this case, Plaintiff's § 1983 claims against Commander Bagshaw, in his individual and official capacity as to Count I and Count II, should be dismissed with prejudice as to the Fourteenth Amendment aspect of those claims.

## II. **Plaintiff's Official Capacity Claims Fail.**

The official capacity claims presented in the FAC should be dismissed with prejudice. First, the District is the real party in interest for those claims, so that relief requires the same pleading standards a plaintiff must meet to impose liability against the District. Second, Plaintiff fails to present factual allegations supporting liability against the District for a constitutional violation. As a result, her request for official capacity liability fails as a matter of law. These arguments are addressed in turn below.

### A. **The District is the Real Party in Interest.**

4

Plaintiff must meet the pleading standards for municipal liability to pursue official capacity claims because the District is the real party in interest. Suits brought against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)). An official capacity suit "is not a suit against the official personally, for the real party in interest is the entity." *Id*. This Circuit has recognized that "[a] section 1983 suit for damages against municipal officials in their official capacities is ... equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

Consequently, Plaintiff's official capacity claims against Commander Bagshaw are, in actuality, claims against the District. "'Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity[,]' courts routinely dismiss claims against the officials to conserve judicial resources when the entity itself is also sued." *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 58 (D.D.C. 2011) (citing *Robinson v. District of Columbia*, 403 F.Supp.2d 39, 49 (D.D.C.2005)); *accord Grissom v. District of Columbia*, 853 F. Supp. 2d 118, 124–25 (D.D.C. 2012) ("The Court will thus dismiss Grissom's § 1983 claims against Officer Sharpe in his official capacity as redundant to her claim against the District.").

The distinction here, as opposed to in *Trimble* where the District was a defendant, is that Plaintiff opted to exclude the District as a named defendant. In this circumstance, where there is no redundancy of named defendants, the reasoning in *Coley v. Bowser*, No. CV 20-2182 (CKK), 2021 WL 1578295, at *1 (D.D.C. Apr. 22, 2021), is instructive.

In *Coley*, the plaintiff alleged five counts against the moving defendants, District employees, in both their official and individual capacities. *Id*. at *4. Counts I and II rested on constitutional theories of liability under 42 U.S.C. § 1983 and alleged violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. *Id*. Even though the District was not a party, the court treated "each of Plaintiff's official capacity claims in Counts I through V, as municipal claims against the District of Columbia." *Id*. at *8. The court noted:

> Plaintiff does not name the District of Columbia as a defendant in this law suit, but makes a point to emphasize that each Defendant has 'been named in their personal capacities as well as their official capacities.' Pl.'s Opp'n at 25. Plaintiff even argues that because 'the District of Columbia is not a named defendant ... dismissal of [his] official capacity claims against the Defendants should be denied.' *Id*. The utility of Plaintiff's argument on this point is unclear. As explained throughout this Memorandum Opinion, Plaintiff's 'official capacity' claims are claims against the District of Columbia, and the Court will treat them as such ….

*Id*. at n. 3.

Here, similarly, Plaintiff's Fourth Amendment claims against Commander Bagshaw, in his official capacity, are claims against the District as the real party in interest. *Atchinson,* 73 F.3d at 424. Accordingly, for all official capacity claims in this lawsuit against Commander Bagshaw, Plaintiff must meet the pleading standard for municipal liability. *Coley*, 2021 WL 1578295, at *8. She has not done so.

### B. Plaintiff Fails to State a Claim for Municipal Liability.

It is black letter law that municipalities are not vicariously liable through *respondeat superior* for the constitutional torts of their employees. *Monell*, 436 U.S. at 691–95. Instead, "municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom." *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004).

Thus, to hold the District liable for a constitutional violation, a plaintiff must allege facts

6

establishing either (1) "the explicit setting of a policy by the government that violates the Constitution," (2) "[t]he action of a policy maker with the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become custom," or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Singletary v. District of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014); *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).

Plaintiff does not allege the elements set forth in *Singletary*. Instead, the FAC is focused on the events of January 6, 2021. *See* FAC ¶¶ 10–31. To that end, Plaintiff alleges Commander Bagshaw "clearly violated" the MPD Use of Force rule, MPD GO-RAR-901.07 (Use of Force). *Id.* ¶¶ 34–37, 41. The gravamen of the FAC is therefore not that a District policy caused the Constitutional violation. It is instead that Commander Bagshaw's purported failure to act in accordance with District policy when defending against the violent insurrection at the United States Capitol caused him to violate Plaintiff's constitutional rights that day, which Plaintiff alleges violated the "MPD Use of Force Framework." *Id.* ¶ 34.

There are no allegations that the MPD Use of Force Framework violates the Constitution. It does not. There are no allegations concerning any policy maker within the District government. There are no allegations about the District adopting or knowingly failing to act through a District policy maker because actions by his subordinates were so consistent that they had become custom. Nor is there any allegation of any failure by the District government to respond to a need that shows deliberate indifference to the risk of constitutional violations with its MPD Use of Force Framework. Plaintiff's theory of Fourth Amendment liability as to

7

Commander Bagshaw is that he purportedly ignored the various standards governing use of deadly force and, on this one occasion, in this unique circumstance, violated this one individual's Constitutional rights. *Id.* ¶¶ 34–41. That type of single-incident pleading does not state a claim for municipal liability under *Monell* and its progeny, and the official capacity claims should be dismissed.

## CONCLUSION

For the reasons stated above, this Court should dismiss, with prejudice, Plaintiff's Fourteenth Amendment claims against Commander Bagshaw in his official and individual capacity, and Plaintiff's Fourth Amendment claims against Commander Bagshaw in his official capacity.

Date: April 22, 2024                Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Civil Litigation Division, Section IV

*/s/ Christopher Pantel*
CHRISTOPHER PANTEL [483073]
SARAH ABUTALEB [1779979]
Assistant Attorneys General
Civil Litigation Division, Section IV
400 6th St., N.W.
Washington, D.C. 20001
202-724-6611; 202-746-7693
sarah.abutaleb@dc.gov; christopher.pantel@dc.gov

*Counsel for Defendant Jason Bagshaw*