# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE,<br><br>  *Plaintiff*,<br><br>v.<br><br>JASON BAGSHAW, *et al.*,<br><br>  *Defendants*. | Case No. 24-cv-00018-CJN |

## DEFENDANT NEIL MCALLISTER'S CONSENT MOTION TO STAY ANSWER DEADLINE

Defendant Neil McAllister (Officer McAllister) moves for an order staying his Answer deadline until after his motion for partial dismissal is resolved.  A stay is an appropriate exercise of this Court's discretion, an efficient use of judicial resources, and would prevent Officer McCallister from needing to answer portions of Plaintiff's First Amended Complaint while the motion for partial dismissal, which if granted would resolve portions of this case, is pending.  A memorandum of points and authorities and a proposed order is attached.

Date: May 6, 2024              Respectfully submitted,

                               BRIAN L. SCHWALB
                               Attorney General for the District of Columbia

                               STEPHANIE E. LITOS
                               Deputy Attorney General
                               Civil Litigation Division

                               */s/ Charles J. Coughlin*
                               CHARLES J. COUGHLIN [1016993]
                               Chief, Civil Litigation Division, Section IV

/s/ *Sarah T. Abutaleb*
SARAH ABUTALEB [1779979]
CHRISTOPHER PANTEL [483073]
Assistant Attorneys General
Civil Litigation Division, Section IV
400 6th St., N.W.
Washington, D.C. 20001
202-724-6611; 202-746-7693
sarah.abutaleb@dc.gov; christopher.pantel@dc.gov

*Counsel for Defendants*

## LCvR 7(m) STATEMENT

Under LCvR 7(m), the undersigned counsel states that she sought consent from Plaintiff's counsel by email. Plaintiff consents to this motion. *See also* Consent Motion to Extend Time to Respond to Defendant Jason Bagshaw's Motion for Partial Dismissal [20] at ¶ 8 ("Pursuant to LCvR 7(m), undersigned counsel communicated with Defendant's counsel regarding this motion and they have consented to the extension if Plaintiff consents to extend the time to file their responsive pleading until after the Court disposes of their instant motion. Plaintiff consented to their request.").

/s/ *Sarah T. Abutaleb*
SARAH T. ABUTALEB
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE, *Plaintiff*, v. JASON BAGSHAW, *et al.*, *Defendants*. | Case No. 24-cv-00018-CJN |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEIL MCALLISTER'S CONSENT MOTION TO STAY ANSWER DEADLINE

#### INTRODUCTION

Defendant Neil McAllister (Officer McAllister) moves for an order staying his Answer deadline pending resolution of his partial motion to dismiss filed May 6, 2024. A stay is an appropriate exercise of this Court's discretion, an efficient use of judicial resources, and would prevent Officer McAllister from needing to answer portions of Plaintiff's First Amended Complaint while the motion for partial dismissal, which if granted would resolve portions of this case, is pending.

#### FACTS

On January 2, 2024, Plaintiff filed a Complaint against MPD Commander Jason Bagshaw, Officer McAllister, and House Speaker James Michael Johnson alleging unlawful seizure and excessive and unreasonable force. Compl. [1]. Plaintiff amended her Complaint on March 27, 2024, removing Johnson as a defendant and pursuing claims against Commander Bagshaw and Officer McAllister in their individual and official capacities under the Fourteenth and Fourth Amendments. *See* Am. Compl. [6]. Officer McAllister was served on April 18,

3

2024.  McAllister Aff. of Serv. [17].  Accordingly, his responsive pleading is due on or before May 9, 2024, under Fed. R. Civ. P. 12(a)(1)(A)(i).

On May 6, 2024, and concurrently with this motion, Officer McAllister moved to partially dismiss the claims against him.  That motion seeks dismissal of Count I with prejudice, as to the Fourteenth Amendment aspect of that count.  And to dismiss Count I with prejudice as to the Fourth Amendment aspect of that count against Officer McAllister in his official capacity.  The partial motion to dismiss does not seek dismissal of Count I as to the Fourth Amendment aspects of that count against Officer McAllister in his individual capacity.  Officer McAllister is not named in Count II of the operative complaint in any capacity.  Officer McAllister's partial motion to dismiss is not yet ripe for decision.

## LEGAL STANDARD

Trial courts have considerable discretion in considering motions to stay.  *See Hefazi v. Stiglitz*, 862 A.2d 901, 907 (D.C. 2004) (citing *Lynch v. Meridian Hill Studio Apts., Inc.*, 491 A.2d 515, 517 (D.C. 1985); *Dellinger v. Mitchell*, 442 F.2d 782 (D.C. Cir. 1971) ("A court has inherent power to stay proceedings in control of its docket, [] after balancing the competing interests.").  A court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 131 (D.D.C. 2013) (internal citations and quotations omitted).

## ARGUMENT

A stay of Officer McAllister's answer deadline is appropriate until Officer McAllister's partial motion to dismiss is decided.  That proposed stay will serve the interests of justice and judicial economy.  Resolution of the pending motion for partial dismissal will materially impact the Answer.  If that motion is granted, it will narrow Officer McAllister's Answer.  If it is

denied, Officer McAllister will need to respond to all claims in the Answer. Either way, having an Answer filed only as to the claims proceeding in discovery in one document at one time serves the interests of justice and judicial economy and preserves the parties' and the Court's time and resources. Further, no party will be prejudiced by the proposed stay because, either way, this case cannot proceed to discovery until the appropriate claims are determined through resolution of the partial motion to dismiss, at which time Officer McAllister will answer the active claim(s) against him. Further, Plaintiff consents to the proposed stay. Thus, a stay is appropriate.

## CONCLUSION

For the reasons stated above, Officer McAllister's Answer deadline should be stayed until 21 days after his motion for partial dismissal is ruled upon.

Date: May 6, 2024                   Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Civil Litigation Division, Section IV

*/s/ Sarah T. Abutaleb*
SARAH ABUTALEB [1779979]
CHRISTOPHER PANTEL [483073]
Assistant Attorneys General
Civil Litigation Division, Section IV
400 6th St., N.W.
Washington, D.C. 20001
202-724-6611; 202-746-7693
sarah.abutaleb@dc.gov; christopher.pantel@dc.gov

*Counsel for Defendants*