IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE, )<br>)<br>      Plaintiff, )<br>)<br>)<br>  v. )<br>)<br>)<br>JASON BAGSHAW, et al., )<br>)<br>      Defendants. )<br>_____ ) | C.A. No. 24-cv-00018 (CJN) |

### PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS BAGSHAW AND MCALLISTER'S MOTIONS FOR PARTIAL DISMISSAL

Defendant Jason Bagshaw's Motion for Partial Dismissal (ECF No. 19) seeks dismissal of Counts I and II insofar as they claim a violation of the Fourteenth Amendment because that amendment does not apply to the District of Columbia and its employees. Defendant Neil McAllister also moves to dismiss Count I with respect to the Fourteenth Amendment (ECF No. 23) for similar reasons. For reasons stated in their motions, Plaintiff agrees that the Fourteenth Amendment does not apply to the District of Columbia or its employees. However, neither Defendant moves to dismiss either Count for violation of the Fourth Amendment (use of "excessive and deadly force"). Accordingly, Plaintiff's Section 1983 claim for excessive force under the Fourth Amendment remains intact.

In addition, Bagshaw moves to dismiss Counts I and II against him in his official capacity, and McAllister moves to dismiss Count I against him in his official capacity. Plaintiff agrees that a suit against either officer in their official capacity is a suit against the District of

1

Columbia and that municipal liability does not lie under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) for a single act of excessive force alleged to have been committed by both Defendants. However, discovery in this case may lead to evidence that may support a claim of municipal liability, such as past practices of excessive force by either of the defendants that were tolerated and not corrected, such that dismissal of the Counts against them in their official capacity should only be denied without prejudice.

      Notably, neither Defendant has moved to dismiss Plaintiff's Complaint on the basis that they have "qualified immunity" to engage in the use of the excessive force as alleged in the complaint. Cf. *Estate of Lazarus Wilson and Tanya Wilson v. District of Columbia, et al.,* No. 23-cv-1987 (DLF) (D.D.C.), Motion to Dismiss Defendants [Former] Interim Chief Of Police Ashan Benedict, District of Columbia, And Commander Jason Bagshaw's Motion To Dismiss And The District Of Columbia's partial Motion For Summary Judgment at 9-14 (Officer Bagshaw claims to have qualified immunity from a Section 1983 claim for the shooting death of Lazarus Wilson) (ECF No. 9) (Oct. 2, 2023).

      Respectfully submitted,

*/s/ Paul D. Kamenar*
Paul D. Kamenar, D.C. Bar No. 914200
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
paul.kamenar@gmail.com
301-257-9435

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing response was served via ECF on all counsel for the defendants this 24th day of May, 2024.

*/s/Paul D. Kamenar*

2