**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| VICTORIA CHARITY WHITE, |
| *Plaintiff,* |
| v. |
| JASON BAGSHAW, *et al*., |
| *Defendants.* |

Civil Action No. 1:24-cv-00018-CJN

<u>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS**</u>

Plaintiff filed a "combined response" to Defendants Commander Jason Bagshaw (Commander Bagshaw) and Officer Neil McAllister's (Officer McAllister) (Defendants) partial motions to dismiss ECF Nos. 19, 23, conceding that the Fourteenth Amendment does not apply and that the official capacity claims should be dismissed because she fails to plead a basis for municipal liability.  Pl.'s Opp'n at 1–2, ECF No. 27.

However, Plaintiff asks that the Court not dismiss any official capacity claim against Defendants with prejudice because she may possibly, through discovery, find what she considers evidence supporting a claim under *Monell v. New York City Dep't of Social Servs*., 436 U.S. 658 (1978).  Pl.'s Opp'n at 2.  The Court should decline to indulge this request, made without supporting authority, and instead dismiss the official capacity claims against Defendants with prejudice since the real party in interest as to any such hypothetical claims is the District of Columbia (the District).  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (holding an official capacity suit "is not a suit against the official personally, for the real party in interest is the entity.").

In this circumstance, where there is no redundancy of named defendants (e.g., there are official capacity claims but the District is not a named defendant) as Defendants argued in their motions, the reasoning in *Coley v. Bowser*, No. CV 20-2182 (CKK), 2021 WL 1578295 (D.D.C. Apr. 22, 2021) is instructive.  Bagshaw Mot., ECF No. 19 at 5-6; McAllister Mot., ECF No. 23 at 5-6.

In *Coley*, the court declined to dismiss certain official capacity claims (*id*. at * 10) and, consequently, treated the claims as against the District (*id*. at n. 3).  Here, unlike in *Coley* where certain official capacity claims survived the motion to dismiss, Plaintiff concedes there are presently no allegations sufficient to state a claim for municipal liability.  Pl.'s Opp'n at 2.  And Plaintiff did not bring suit against the District.  *See* Am. Compl., ECF No. 6.  There is, consequently, no judicial economy served by dismissing the official capacity claims without prejudice just because Plaintiff sued Defendants instead of the District, may move to amend her operative complaint someday, and evidently wishes to avoid the time and expense of serving another defendant.

If, hypothetically, Plaintiff were to move to amend the operative pleading at some future time to add a claim for municipal liability under *Monell*, such claim should be against the real party in interest, the District, not Defendants in their official capacity.  *Graham*, 473 U.S. at 165.  The Court, consequently, should dismiss the official capacity claims as plead against these Defendants with prejudice.

Plaintiff's commentary as to qualified immunity, Pl.'s Opp'n at 1–2, is outside the scope of the pending motions and should be disregarded by the Court.  Defendants, without waiver, reserve the right to raise qualified immunity in this case at a time and manner of their choosing.

For these reasons and those set forth in Defendants' respective motions, the Court should:

(1) As to Commander Bagshaw:  dismiss Counts I and II with prejudice as to the Fourteenth Amendment aspect of those counts, and dismiss Counts I and II with prejudice as to the official capacity claims; and

(2) As to Officer McAllister:  dismiss Count I with prejudice as to the Fourteenth Amendment aspect of that count, and dismiss Count I with prejudice as to the official capacity claim.

The effect of the forgoing, if granted by the Court, would leave pending only:  Counts I and II, as to the Fourth Amendment aspect of those counts as to Commander Bagshaw in his individual capacity, and Count I, as to the Fourth Amendment aspect of that count as to Officer McAllister, in his individual capacity.

## CONCLUSION

For these reasons, along with those in Defendants' motions, the Court should grant both Commander Bagshaw and Officer McAllister's motions.

Date:  May 31, 2024                         Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Christopher Pantel*
CHRISTOPHER PANTEL [483073]
KATRINA SEEMAN [1671729]
Assistant Attorneys General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  202-726-7693; 202-724-6607

Fax:  202-741-0588; 202-724-5917
Email:  christopher.pantel@dc.gov;
katrina.seeman@dc.gov

*Counsel for Defendants Jason Bagshaw*
*and Neil McAllister*