UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE,<br><br>   *Plaintiff*,<br><br>v.<br><br>JASON BAGSHAW, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:24-cv-00018-CJN |

## DEFENDANTS' CONSENT MOTION FOR PROTECTIVE ORDER

Defendants Commander Jason Bagshaw and Officer Neil McAllister (collectively, Defendants) move under Fed. R. Civ. P. 26(c) for a Protective Order governing the disclosure and use of confidential information in this action, including unredacted body worn camera footage of the underlying incident, and non-public information in employee personnel files.

A memorandum of points and authorities in support of this Motion and proposed protective order are attached for the Court's consideration.

Date: November 1, 2024      Respectfully submitted,

                                        BRIAN L. SCHWALB
                                        Attorney General for the District of Columbia

                                        STEPHANIE E. LITOS
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        */s/ Charles J. Coughlin*
                                        CHARLES J. COUGHLIN [1016993]
                                        Chief, Section IV

                                        */s/ Christopher Pantel*
                                        CHRISTOPHER PANTEL [483073]
                                        CHARLES P. LANE [31136]
                                        Assistant Attorneys General
                                        400 6th Street, NW

Washington, D.C. 20001<br>
(202) 746 7693<br>
(202) 741 0588 (fax)<br>
christopher.pantel@dc.gov<br>
<br>
*Counsel for Defendants*

## **LCvR 7(m) STATEMENT**

Plaintiff consents to the relief sought in this motion.

/s/ *Christopher Pantel*<br>
CHRISTOPHER PANTEL<br>
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA CHARITY WHITE,<br><br> *Plaintiff*,<br><br> v.<br><br>JASON BAGSHAW, *et al.*,<br><br> *Defendants*. | Civil Action No. 1:24-cv-00018-CJN |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' CONSENT MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

Defendants Commander Jason Bagshaw and Officer Neil McAllister (collectively, Defendants), under Fed. R. Civ. P. 26(c), request that the Court enter the proposed Protective Order that accompanies this motion.

This case arises out of an encounter between Plaintiff Victoria White and Defendants on January 6, 2021, at the Lower West Terrace Tunnel entrance to the Capitol building. On January 2, 2024, White filed a Complaint against Defendants and House Speaker James Michael Johnson (Johnson). Compl. [1]. White amended her Complaint on March 27, 2024, removing Johnson as a defendant and pursuing claims against Defendants in their individual and official capacities under the Fourteenth and Fourth Amendments for excessive force. Am. Compl. [6]. Defendants moved for partial dismissal, which the Court granted on October 21, 2024. *See* 10/21/2024 Minute Order.

The gravamen of the remaining claims is that Defendants' purported use of "excessive and deadly force" on January 6, 2021, during a single, unique incident, and while defending

against the violent insurrection at the United States Capitol, allegedly violated District policy under the "[Metropolitan Police Department] Use of Force Framework" in an unconstitutional manner.  *See* Am. Compl. [6].  While Defendants deny those allegations and will assert those denials in their responsive pleading, Defendants anticipate discovery will involve the exchange of confidential materials, including of body-worn camera (BWC) footage and non-public information in Metropolitan Police Department (MPD) employee personnel files.  Thus, to facilitate the efficient exchange of materials in discovery while allowing these materials to maintain the appropriate confidentiality protections, Defendants now move for a protective order.

## LEGAL STANDARD

Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "specifying terms" for disclosures.  As this court has recognized, "Protective orders both facilitate efficient pre-trial discovery and prevent parties from abusing Rule 26's liberal discovery provisions." *Münchener Rückversicherungs-Gesellschaft v. Northrop Grumman Risk Mgmt., Inc.*, 312 F.R.D. 686, 690 (D.D.C. 2015).  "Although Rule 26(c) does not speak explicitly to a person's privacy rights or interests, 'such matters are implicit in the broad purpose and language of the Rule.'" *Fed. Trade Comm'n v. Sysco Corp.*, 308 F.R.D. 19, 23 (D.D.C. 2015) (quoting *Seattle Times Co.,* 467 U.S. 20, 35 n.21 (1984)).

## ARGUMENT

Good cause supports entering the proposed Protective Order attached to this motion.  Issuing a protective order to govern BWC disclosures "is the only way to avert the possible harm to [witnesses] of having their names, faces, and other personally identifying information

4

released." *United States v. Dixon*, 355 F. Supp. 3d 1, 9 (D.D.C. 2019). Here, the BWC footage contains names, faces, and other personally identifying information of civilian witnesses, as well as first responders including MPD members. *See United States v. Kingsbury*, 325 F. Supp. 3d 158, 160 (D.D.C. 2018) (noting both civilians and non-civilian witnesses—i.e., the police—"have legitimate privacy interests" that weighs against public disclosure of BWC footage). To the extent it was not already publicly produced under D.C. Code § 5–116.33(c)(2), or otherwise publicly released, BWC footage should remain confidential and should be used only in connection with this litigation under the terms of the protective order.

Further, Defendants have an interest in protecting non-public information contained in their employee personnel files that would likely be requested in discovery. Personnel records are considered confidential by statute. *See* D.C. Code §§ 1-631.01, *et seq.* and D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (requiring the confidentiality of personnel and medical records of District employees). This includes information about disciplinary actions. *See Huthnance v. District of Columbia*, 255 F.R.D. 285, 297 (D.D.C. 2008) ("[T]he disclosure of information about disciplinary actions taken against [police] officers . . . would invade their right to privacy and their reasonable expectation that their superiors' view of how they performed their duties would . . . not be publicly disclosed."). *See also Kingsbury*, 325 F. Supp. 3d at 161 ("To be sure, a police officer has a legitimate privacy interest in protecting against the dissemination of allegations that are ultimately resolved in the officer's favor and ensuring that officer disciplinary matters deemed irrelevant, trivial, or otherwise inadmissible do not enter the public domain.") (brackets and quotation marks omitted). Thus, non-public information in employee personnel files should be confidential subject to the protective order.

Similarly, White should expect that Defendants will seek confidential, non-public documents maintained by her medical and mental health providers. Medical and mental health records are considered confidential and protected by federal privacy regulations issued by the Department of Health and Human Services at 42 C.F.R. §164.508 (HIPAA) and the District of Columbia's Mental Health Consumers' Rights Protection Act of 2001, D.C. Code §§ 7-1201, *et seq*. Thus, a protective order will protect White's right to privacy, notwithstanding that she evidently made at least one news media interview appearance in 2024, which featured BWC footage from January 6, 2021. Am. Compl., ECF No. 6, ¶ 28.

The proposed order places no limitations on information obtained in discovery that is not confidential. Ex. 1 at ¶ 1; *accord In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) ("The presumption of openness in judicial proceedings is the bedrock principle of our judicial system." (quotation and citation omitted)). Entry of the protective order at this stage will also "expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication." *ICC Eval. Serv., LLC v. Int'l Ass'n of Plumbing and Mech. Offs., Inc.*, No. 16-cv-54-EGS/DAR, 2019 WL 8755131, at *4 (D.D.C. Nov. 25, 2019) (quoting Manual for Complex Litigation § 11.432 (4th ed. 2004)).

## CONCLUSION

For these reasons and for good cause shown, Defendants request the Court grant this motion and adopt Exhibit 1 as a protective order regarding the dissemination and use of confidential information in this litigation.

Date: November 1, 2024             Respectfully submitted,

                                   BRIAN L. SCHWALB
                                   Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Charles J. Coughlin*
CHARLES J. COUGHLIN [1016993]
Chief, Section IV

*/s/ Christopher Pantel*
CHRISTOPHER PANTEL [483073]
CHARLES P. LANE [31136]
Assistant Attorneys General
400 6th Street NW
Washington, D.C. 20001
(202) 746 7693
(202) 741 0588 (fax)
christopher.pantel@dc.gov

*Counsel for Defendant*s