## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VICTORIA CHARITY WHITE,

     *Plaintiff*,

     v.

JASON BAGSHAW, *et al.*,

     *Defendants*.

Civil Action No. 1:24-cv-00018-CJN

### PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c), and it appearing that discovery in this action is likely to involve the disclosure of confidential information, it is **ORDERED** that the following shall govern the parties' exchange and use of materials[1] containing confidential information during the pendency of this action, including any appeals.

### CONFIDENTIAL INFORMATION SUBJECT TO THIS ORDER

1.    <u>Information Subject to This Protective Order:</u>  The following categories of information may be designated as CONFIDENTIAL under this Protective Order:

    a.   Personal identifying information (PII) sought from an individual, including, but not limited to, such individual's or his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, life insurance information and/or any other personal information unique to such individual;

    b.   Non-public information contained in an employee or former employee's personnel file, disciplinary file, and/or adverse action file;

    c.   Non-public information such as information contained in

---

[1]    The term "materials" as used in this Order is intended to encompass all documents and electronically-stored information discoverable under the Federal Rules of Civil Procedure.

investigative files;

d. Unredacted body-worn camera and security footage;

e. Information protected by or specifically prohibited from release by statute or regulation;

f. Information protected by, or specifically prohibited from, release by statute or regulation, including, but not limited to, D.C. Code §§ 1-631.01, 4-1302.03, 4-1302.04, 4-1303.06, 4-1371.03, and 16-2331, *et seq.*, HIPAA of 1996 (Pub. L. No. 104-191, 110 Stat.1936), 45 C.F.R. Parts 160 and 164, and 29 DCMR §§ 6002 and 6023.1; and

g. Information and documents involving minors, including juvenile records.

The parties may redact personal identifying information (PII) or other irrelevant confidential information from documents. Such redactions do not affect the designation of said documents as CONFIDENTIAL.

2.      As set forth below, information, documents, and things that are stamped "CONFIDENTIAL" and meet the definition of material that falls within the definition of Paragraph 1 shall not be disclosed by any receiving party for any purpose other than discovery and trial in this action and any appeal.

**MARKING AND CLASSIFICATION OF CONFIDENTIAL INFORMATION**

3.      Any party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production, if at all possible, stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

4.      Any party wishing to designate materials as containing ATTORNEY'S EYES ONLY, subject to the protections of this Protective Order, shall at the time of production stamp

or otherwise mark (designate) the material with the word(s) "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

5.      Any party wishing to designate information provided by a non-party as CONFIDENTIAL shall submit to the other party, within 20 business days following production or disclosure, a written designation of the documents or things containing such information. During the 20 business days following production by a party, or non-party, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

6.      The parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without any, or the appropriate, classification regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or the information in it, and the parties shall, upon notice, then treat such CONFIDENTIAL INFORMATION according to the correct designation and classification.  A receiving party shall make a good-faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

7.      If a producing party inadvertently discloses to a receiving party documents or items that are asserted to be privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity, provided that the producing party demonstrates that:  (1) the disclosure was inadvertent; (2) the producing party

acted promptly upon discovering the inadvertent disclosure; and (3) the inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure.  The receiving party shall return the information within three business days of receipt of the producing party's notice of inadvertent or unintentional disclosure, and upon receipt of that notice, the receiving party shall treat the information as confidential, and not disclose it in any manner prohibited by this Protective Order.  Nothing in this Protective Order prevents the party returning the inadvertently disclosed material from seeking production of any documents in accordance with the Federal Rules of Civil Procedure, provided that, once the producing party makes the requisite showing set forth above, the returning party does not assert waiver of the privilege or immunity because of the inadvertent production.

## HANDLING OF CONFIDENTIAL INFORMATION

8.    All CONFIDENTIAL INFORMATION shall be treated as proprietary, and shall be disclosed or made available only to:  (1) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel); (2) the parties (unless otherwise noted by CONFIDENTIAL - ATTORNEY'S EYES ONLY designation); (3) experts employed by such counsel for consultation or to render expert reports in accordance with Fed. R. Civ. P. 26(a)(2) (and the necessary secretarial and clerical personnel of such experts) who are entitled under this Protective Order to receive CONFIDENTIAL INFORMATION; and (4) court personnel, certified court reporters and the parties' respective copy vendors.  Any information designated "CONFIDENTIAL" by the producing party shall be treated as proprietary and shall not be used or disclosed by any receiving party for any purpose, other than as specified in this Protective Order during the discovery, trial, or any appeal.

9.      All persons, other than the persons identified in Paragraph 8 authorized to have access to CONFIDENTIAL INFORMATION, shall sign the statement attached as Exhibit A acknowledging their agreement to this Protective Order.  An executed copy of Exhibit A shall be provided to all parties before disclosure of any CONFIDENTIAL INFORMATION to any person, other than those identified in Paragraph 8.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

10.      If any party disagrees at any stage of this action with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve the dispute in good faith on an informal basis.  Any receiving party may, at any time, request that the producing or designating party withdraw the CONFIDENTIAL designation with respect to any information.  Any such request shall be made in writing, served on counsel for the producing or designating party, and shall specifically identify:  (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.  Service by electronic mail shall be sufficient for this purpose.

11.      If the parties are unable to resolve their dispute informally, the receiving party shall have the right to object to the designation by seeking a teleconference with the Court.  The burden of proving the confidentiality of the designated information shall be borne by the party that produced the information and/or designated it CONFIDENTIAL.  Pending a resolution, the initial CONFIDENTIAL designation shall remain in place until the Court resolves the dispute.  If the parties are unable to resolve their dispute informally, and neither party elects to file a motion with the Court, the initial CONFIDENTIAL designation shall remain in place.

## CONFIDENTIAL INFORMATION AT DEPOSITIONS

12.      Other than court personnel and court reporters, only the parties (unless otherwise

noted by CONFIDENTIAL - ATTORNEY'S EYES ONLY designation), counsel of record for the parties, the witness (including their attorney), and experts who have met the requirements of Paragraph 8 or persons that have executed Exhibit A as set forth in Paragraph 9 of this Protective Order may be present at any examination, or portion of an examination, concerning CONFIDENTIAL INFORMATION of another party or a third party.

13.    A party may designate as CONFIDENTIAL any information, testimony or exhibit disclosed or obtained during a deposition that meets the definition in Paragraph 1 by stating on the record during the deposition that such is CONFIDENTIAL and subject to the provisions of this Protective Order.  Any party who objects to any CONFIDENTIAL designation made at or during a deposition must note the objection on the record.  The CONFIDENTIAL designation of material that meets the definition of Paragraph 1 shall remain in place, and the objecting party shall be barred from publicly disclosing the information, testimony, transcript or exhibit designated as CONFIDENTIAL without the prior approval of the Court or the withdrawal of the designation by the designating party.  Whenever any information designated as CONFIDENTIAL that meets the definition of Paragraph 1 is marked as an exhibit during a deposition, the exhibit shall be marked with the proper CONFIDENTIAL designation at the top of the exhibit and noted on the record that the exhibit is subject to this Protective Order.

14.    Notwithstanding the parties' obligation to designate qualifying information, testimony, and exhibits as CONFIDENTIAL on the record during a deposition, all deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for a period of 20 business days after the deposition.  After the expiration of the 20 business day period, to the extent that an opposing party has not, through counsel, disseminated information that is subject to this Protective Order, the right to so designate shall remain, subject to

challenge. If such a challenge is made, the party allowing the 20 business days to pass shall have the burden before the Court of showing that the information has not become part of the public domain.

15.      Desposition transcripts, testimony, or exhibits designated as CONFIDENTIAL shall only be disclosed to the parties, their counsel of record, their experts, the Court and its personnel, and the court reporter. No third party shall be allowed access to any depostion transcript, testimony, or exhibit designated as CONFIDENTIAL unless they execute the declaration attached hereto as Exhibit A, acknowledging this Protective Order and agreeing to be bound by it.

## CONFIDENTIAL INFORMATION IN COURT FILINGS

16.      Information designated as "CONFIDENTIAL" under this Protective Order that meets the definition in Paragraph 1 does not lose its designation if subsequently filed with the Court by any designating party, non-designating party, or a third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the Court, including, without limitation, any demonstratives, attachments, transcripts, appendices, and/or exhibits submitted to the Court.

17.      CONFIDENTIAL INFORMATION filed with, attached to, quoted in, or otherwise described in a way that reveals the substance of the CONFIDENTIAL INFORMATION in any document filed with the Court shall be filed under seal in accordance with LCvR 5.1(h). Before moving to file under seal materials subject to the Protective Order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential

designation in discovery.  Depending on the nature of the document at issue, the moving party

will also file a redacted version of the document on the public docket.  All parties will use every

effort to avoid the sealing of court filings under this Protective Order by, among other things,

restricting the documents that must be filed under seal to exhibits or attachments to filings,

wherever possible.  No further order of the Court shall be necessary for the clerk to accept the

filing under seal and for sealing such submission.

### USE OF CONFIDENTIAL INFORMATION IN OPEN COURT

18.    CONFIDENTIAL INFORMATION does not lose its designation as such if that

information is subsequently offered during hearings, at trials, or otherwise in open court by any

party or a third party, whether elicited or presented through argument or objections in open court,

statements to the jury, direct examination, cross-examination and/or redirect examination, or

through any demonstratives, attachments, transcripts appendices, and/or exhibits offered in open

court.

19.    The use of CONFIDENTIAL INFORMATION during hearings, at trials, or

otherwise in open court shall be subject to such protection as the Court shall determine at the

time.  Nothing in this Protective Order shall be deemed a waiver of any right to object on any

ground to the admission in evidence of any CONFIDENTIAL INFORMATION.  A party that

intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be

responsible for taking appropriate measures with the Court to maintain its confidentiality.  In the

event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it

shall notify the opponent in writing prior to the time at which it intends to introduce the

opponent's CONFIDENTIAL INFORMATION.  If the opponent desires to maintain the

confidentiality of its material, it shall be responsible for taking appropriate measures with the

Court to maintain its confidentiality.

## EXCLUSION OF PUBLIC DOMAIN INFORMATION

20.    Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant information because they were produced or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION**.**

21.    However, if a party seeks discovery from a third-party to this action, that third-party may invoke this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to this Protective Order.

## NON-WAIVER OF PRIVILEGES AND OBJECTIONS

22.    Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure. The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery.

23.    Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either:  (a) an admission by any party that the produced information is relevant, authentic, or properly produced, or (b) a waiver of any right properly to withhold from production any other document.

24.    Nothing in this Protective Order shall bar any person from asserting, prejudice any person who asserts, or be used against any person who asserts, the attorney-client privilege,

the work-product doctrine, or any applicable privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

25.      In the event of an inadvertent or unintentional disclosure, the producing party shall promptly notify the receiving party of its mistake, and request the return of the information (including any and all copies the receiving party may have made) so that the information may be marked with the appropriate confidential designation and then returned to the receiving party. The receiving party shall return the information within three business days of receipt of the producing party's notice of inadvertent or unintentional disclosure, and upon receipt of that notice, the receiving party shall treat the information as confidential, and not disclose it in any manner prohibited by this Protective Order.  No party shall thereafter assert that the inadvertent or unintentional disclosure waived any privilege or immunity that would otherwise apply to the information.  Nothing in this Protective Order shall be construed to bar any party from seeking the production of the information on any other ground in accordance with Federal Rules of Civil Procedure.

## DURATION OF THE PROTECTIVE ORDER

26.      This Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record.  Following final termination of this litigation, this Court shall retain and have jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION in accordance with this Protective Order.

27.      This Protective Order shall be binding on the parties, their attorneys, and the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and

independent contractors, and other persons or organizations over which they have control.

### RETURN AND DISPOSAL OF CONFIDENTIAL INFORMATION

28.     No later than 30 days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and return to the opposing party CONFIDENTIAL INFORMATION produced by the opposing party or shall destroy all copies thereof which respective parties have in their possession, custody, or control and provide written notification of the destruction to the opposing party.  The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda containing CONFIDENTIAL INFORMATION, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than the outside attorneys to whom such information was actually disclosed, in accordance with this Protective Order during the course of this action.

### MISCELLANEOUS

29.     Nothing in this Protective Order shall be construed as limiting or otherwise restricting the District of Columbia's use of its own CONFIDENTIAL INFORMATION for any purpose or as requiring District employees to sign an acknowledgement prior to obtaining such information.

30.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source

of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents,

things, materials or information under this Protective Order.

      **SO ORDERED**.

Dated: 4/22/2025           _____

                       The Honorable Carl J. Nichols
                       United States District Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

VICTORIA CHARITY WHITE,

     *Plaintiff*,

     v.

JASON BAGSHAW, *et al.*,

     *Defendants*.

Civil Action No. 1:24-cv-00018-CJN

## ACKNOWLEDGEMENT OF CONFIDENTIALITY

     I understand that confidential documents, testimony, and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as so ordered by the Court, such documents, testimony and/or information may not be used for any purposes other than the prosecution or defense of said lawsuit.

     I hereby certify that I have read the Protective Order entered in this lawsuit. I agree to maintain the confidentiality of any documents, testimony and/or information provided to me and otherwise to abide by this Protective Order.

     I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and/or information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court. I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

Date: _____

_____
PRINT NAME

_____
SIGNATURE